UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| FINIKUNDA, INC. | *<br>*   CASE NO.<br>* |
| Plaintiff, | *<br>* |
| VERSUS | *<br>* |
| ASPEN SPECIALTY INSURANCE COMPANY and KARL KRUG | *<br>*<br>* |
| Defendants. | *<br>* |

* * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendants, Aspen Specialty Insurance Company, ("Aspen"), and Karl Krug, appearing herein through undersigned counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal of the captioned action *"Finikunda, Inc., v. Aspen Specialty Insurance Company and Karl Krug",* case no. DC-17-11294, on the docket of the 116th Judicial District Court in and for Dallas County, State of Texas. In support of its Notice of Removal, Defendants respectfully represent:

1.

Plaintiff filed this suit on August 31, 2017, in the 116th Judicial District Court in and for Dallas County, State of Texas.

2.

This lawsuit is filed pursuant to a commercial property insurance policy, no. PRAEAL615, issued by Aspen to Plaintiffs which generally provides coverage for four commercial, retail properties insured by the Plaintiff set forth as follows:

1. 5801 Curazon Ave., Ft. Worth, TX;

2. 3480 S. Carrier Pkwy., Grand Prairie, TX;

3. 1902 E. Main Street, Grand Prairie, TX; and

4. 104 NE 19th Street, Grand Prairie, TX.

3.

Plaintiff seek payments for damages allegedly sustained to all of the aforementioned Properties as a result of a hail storm which is alleged to have occurred and caused damage to the Properties on May 16, 2016.[1] Plaintiff is seeking damages in excess of $1,000,000 for the claims asserted in this this lawsuit.[2] Plaintiffs have also asserted claims against Defendants for bad faith pursuant to the Texas Insurance Code, Deceptive Trade Practices Act, alleged violations of the common law duty of good faith and fair dealing, and seek recovery of actual damages and penalties associated with Defendants' handling of the Plaintiff's insurance claim.[3] Plaintiff also seeks the recovery of attorney's fees.[4]

---

[1] Exhibit 1 - Original Petition, ¶ 12.
[2] Exhibit 1 – Original Petition, ¶7.
[3] Exhibit 1 – Original Petition, ¶ 22, 23-40, 43-46.

4.

Removal is based on 28 U.S.C. §1332 as the parties are completely diverse and, based on the allegations set forth in the Original Petition, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

5.

Considering Plaintiff's Original Petition includes a statement that the claim exceeds $1,000,000 for all asserted claims as described above, the jurisdictional amount in controversy requirement is satisfied in this case. It is facially apparent from the petition that the amount in controversy exceeds $75,000.

6.

Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir.1992)). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *Id.* at 1412 n.10. No binding stipulation or affidavit was filed with Plaintiff's Petition. Accordingly, it can be presumed that Plaintiffs' damages exceed the minimum jurisdictional amount.

7.

Plaintiff is a Texas corporation.[5]

---

[4] Exhibit 1 – Original Petition, ¶ 48.
[5] Exhibit 1 – Original Petition, ¶ 2.

8.

Aspen is a foreign corporation organized under the laws of the state of North Dakota, with its principal place of business located in Connecticut. Defendant Krug is an individual domiciled in the state of North Carolina.

9.

Aspen was served with a copy of the Plaintiff's Original Petition on September 29, 2017, through its registered agent.[6] Krug was served on October 26, 2017. Defendants are filing this Notice of Removal within 30 days receipt of the Original Petition and this notice of removal is timely.

10.

Accordingly, this Court has jurisdiction over this matter under the provisions of 28 U.S.C 1332, and this matter is removed under the provisions of 28 U.S.C. 1441 and 1446.

11.

The Judicial District Court where the plaintiff filed the Original Petition is located within the Northern District of Texas, Dallas Division.  Therefore, venue is proper pursuant to 28 U.S.C. §1441(a) because it is the "district and division embracing the place where such action is pending."  See 28 U.S.C. §1441(a).

12.

No previous application has been made for the relief requested herein.

13.

Defendants have attached a copy of the Listing for Removal, Civil Cover Sheet, and all other filings required by LR 81.1 as exhibits to this notice. This Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the clerk of court in the County where Plaintiff filed the Petition.

14.

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing Notice of Removal, that, to the best of his knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

WHEREFORE, Defendants, Aspen Specialty Insurance Company and Karl Krug, hereby remove the above-entitled action from the 116th Court in and for Dallas County, State of Texas to this, the United States District Court for the Northern District of Texas.

    Respectfully submitted,

    LOBMAN, CARNAHAN, BATT, ANGELLE & NADER

    /s/ Charles R. Rumbley
    _____
    JAMES P. NADER
    TX Bar No. #24054425

---

[6] *See* Exhibit 1, p. 1 & Exhibit 8.

CHARLES R. RUMBLEY  
TX Bar No. #24076141  
Pennzoil Plaza  
700 Milam, Suite 1300  
Houston, TX 77002  
TEL: (832) 871-5286  
jpn@lcba-law.com; crr@lcba-law.com  

## Certificate of Service

I hereby certify that on October 27, 2017, I transmitted the attached document to counsel for the Plaintiff via U.S. Mail.

/s/ Charles R. Rumbley  
_____