**CT Corporation**

**Service of Process Transmittal**
09/29/2017
CT Log Number 532022304

**TO:**   Kerian Bunch
Aspen Insurance Group
175 Capital Blvd Ste 300
Rocky Hill, CT 06067-3914

**RE:**   **Process Served in Texas**

**FOR:**   Aspen Specialty Insurance Company  (Domestic State: ND)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FINIKUNDA, INC., Pltf. vs. ASPEN SPECIALTY INSURANCE COMPANY and KARL KRUG, Dfts. |
| **DOCUMENT(S) SERVED:** | Citation, Return, Original Petition |
| **COURT/AGENCY:** | 116th Judicial District Court Dallas County, TX<br>Case # DC1711294 |
| **NATURE OF ACTION:** | Property Damage Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/29/2017 at 14:20 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10 o'clock am. of the Monday next following the expiration of twenty days after you were served this citation and petition, |
| **ATTORNEY(S) / SENDER(S):** | Robert N. Grisham II<br>GRISHAM & KENDALL, PLLC<br>5910 N. Central Expy., Suite 925<br>Dallas, TX 75206<br>214-308-2027 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/30/2017, Expected Purge Date: 10/05/2017<br><br>Image SOP<br><br>Email Notification,  Kim Sliva  Kim.Sliva@Aspen.co<br><br>Email Notification,  Kerian Bunch  Kerian.Bunch@aspen.co<br><br>Email Notification,  Erika Douglas  Erika.Douglas@aspen.co<br><br>Email Notification,  Tim Lynch  tim.lynch@aspen.co |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:    ASPEN SPECIALTY INSURANCE COMPANY
       THROUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM
       1999 BRYAN STREET SUITE 900
       DALLAS TX 75201-4284

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **FINIKUNDA, INC.**

Filed in said Court **31st day of August, 2017** against

**ASPEN SPECIALTY INSURANCE COMPANY AND KARL KRUG**

For Suit, said suit being numbered **DC-17-11294,** the nature of which demand is as follows:
Suit on **OTHER (CIVIL)** etc. as shown on said petition **REQUEST FOR DISCLOSURE,** a copy of
which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 7th day of September, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By  /s/ Gay Lane
_____, Deputy
    GAY LANE

| ESERVE |
| --- |
| CITATION |
| DC-17-11294 |

**FINIKUNDA, INC.**
vs.
**ASPEN SPECIALTY INSURANCE
COMPANY, et al**

ISSUED THIS
**7th day of September, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: GAY LANE, Deputy

**Attorney for Plaintiff**
ROBERT N GRISHAM II
GRISHAM & KENDALL PLLC
5910 N CENTRAL EXPWY
PREMIER PLACE SUITE 925
DALLAS TX 75206
214-308-2027

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

CT11
9/29/17 1:13

# OFFICER'S RETURN

Case No. : DC-17-11294

Court No.116th District Court

Style: FINIKUNDA, INC.

vs.

ASPEN SPECIALTY INSURANCE COMPANY, et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
8/31/2017 1:08 PM
FELICIA PITRE
DISTRICT CLERK

Stephanie Clark

CAUSE NO. DC-17-11294

| | | |
|---|---|---|
| FINIKUNDA, INC. | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| ASPEN SPECIALTY INSURANCE | § | |
| COMPANY and KARL KRUG | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Finikunda, Inc. files this Plaintiff's Original Petition and Request for Disclosure against Defendants Aspen Specialty Insurance Company and Karl Krug, and would show unto the Court and Jury as follows:

### I. PARTIES AND DISCOVERY LEVEL

1.    Discovery is intended to be conducted under Level Three of Tex. R. Civ. P. 190.

2.    Plaintiff Finikunda, Inc. is a Texas Corporation.

3.    Defendant Aspen Specialty Insurance Company ("Aspen") is a foreign insurance company licensed and authorized to engage in the business of insurance in the State of Texas and may be served through its agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas Texas, 75201-4284.

4.    Defendant Karl Krug ("Krug") is a licensed insurance adjuster who may be served at 450 E. Oakwood Avenue, Ablemarle, North Carolina 28001.

5.    In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Plaintiff relies upon Rule 28 of the Texas Rules of Civil Procedure ("TRCP") in order to properly identify the corporate or other entities which are defendants herein.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 1 OF 14.**

## II. JURISDICTION AND VENUE

6.    The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. All or a substantial portion of the events or omissions giving rise to the claims asserted herein occurred in Dallas County, Texas. Therefore, venue of this case is proper in Dallas County, Texas. Tex. Civ. Prac. & Rem. Code §§ 15.002 and 15.032.

## III. RULE 47 DAMAGE ALLEGATIONS

7.    Pursuant to the provisions of TRCP 47, Plaintiff alleges that the damages sought by the Plaintiff are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $1,000,000.

8.    Pursuant to TRCP 48, Plaintiff elects to plead in the alternative.

## IV. AGENCY AND RESPONDEAT SUPERIOR

9.    Whenever in this petition it is alleged that Defendant Aspen did any act or thing, it is meant that defendant or its agents, officers, servants, employees, or representatives did such act or thing, and further, that it was done with the full authorization or ratification of defendant or done in the normal routine, course and scope of the agency or employment of defendant or its agents, officers, servants, employees, or representatives.

## V. REQUEST FOR DISCLOSURE

10.    Pursuant to Rule 194 TRCP, defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## VI. BACKGROUND FACTS

11.    Plaintiff owns properties located at 5801 Curzon Avenue, Fort Worth, Texas, 3480 S. Carrier Parkway, Grand Prairie, Texas, 1902 E. Main Street, Grand Prairie, Texas and 104 N.E. 19th Street, Grand Prairie, Texas ("Properties"). Prior to the loss made the subject of this suit,

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 2 OF 14.**

Plaintiff purchased an insurance policy from Aspen which insured the Properties. All premium payments required to be paid for the Policy were paid and the Policy was in full force and effect without lapse during the applicable policy period.

12.     On or about March 16, 2016, Plaintiff sustained substantial damage to its Property caused by hail, a covered peril under the Policy issued by Aspen. Thereafter, Plaintiff reported a claim for damages to Aspen in compliance with the Policy. The claim involved damages to the roofs of Plaintiff's Properties including damage to roof top air conditioning units. Aspen assigned Krug was assigned to investigate the claim on behalf of Aspen and to determine whether the claim would be accepted or denied.

13.     After receipt of the assignment from Aspen, Krug hired Unified Building Sciences ("UBS") to evaluate the damage to Plaintiff's Property. Upon information and belief, UBS was hired by Krug because it was known to Krug and Aspen that UBS would write a report which would then be used to deny Plaintiff's claim for benefits under the Policy.

14.     UBS performed an inspection of each of Plaintiff's Properties. Based on the report issued by UBS on April 10, 2017, Aspen made only a partial payment for damage to Plaintiff's property located at 5801 Curzon Avenue, Fort Worth, Texas. Aspen denied Plaintiff's claim for damages to its other properties located at 3480 S. Carrier Parkway, Grand Prairie, Texas, 1902 E. Main Street, Grand Prairie, Texas and 104 N.E. 19th Street, Grand Prairie, Texas.

15.     Regarding Plaintiff's property located at 5801 Curzon Avenue, Fort Worth, Texas, Aspen and Krug improperly relied upon the conclusions of UBS and only made a partial payment for damage for some of the damage to this property. Aspen and Krug unreasonably relied upon the conclusions of UBS to deny Plaintiff's claim for damage to metal roof surfaces based on UBS's conclusion that the damage was not "functional" in nature. Such is irrelevant and not supported by

the policy provisions. The payment made by Aspen and Krug was insufficient to repair the hail damage to the property clearly covered by the Policy. Aspen and Krug denied Plaintiff's claim for benefits in violation of the Policy and Texas law. Such constitutes and breach of the Policy contract and violation of the Texas Insurance Code and Deceptive Trade Practices Act.

16.    Plaintiff's public insurance adjuster, David Wilson, presented Aspen and Krug evidence in the form of photographs and an estimate demonstrating the underpayment of the claim made for damage to this property. Despite such evidence and unreasonable basis for the denial of benefits, Aspen and Krug failed and refused to make full payment to Plaintiff for damages to this property.

17.    Regarding Plaintiff's properties located at 3480 South Carrier Parkway in Grand Prairie, Texas, 1902 East Main Street Grand Prairie, Texas and 104 North East 19th Street Grand Prairie, Texas, Defendants Aspen and Krug wholly denied any payment for hail damage to the properties. Each of these properties were damaged by hail. Such was also documented by Mr. Wilson in the form of photographs and estimates, however Defendants Aspen and Krug rejected such information in favor of the UBS report supporting denial of benefits due under the Policy for performing repairs to these three properties. While UBS found evidence of hail damage to these three properties, it concluded the damage was either minimal, occurred years prior to the hail storm at issue or the damage was essentially "wear and tear" of the roof surface. Such is not supported by the evidence presented by Mr. Wilson especially considering the fact that the roofs had been replaced only a few years prior to the subject storm.

18.    Plaintiff cooperated with Aspen and Krug during the investigation of the claim by responding to inquiries and making the Properties available for inspections by Aspen and Krug and any consultant sent by Krug. Despite evidence of a covered loss to the insured Properties,

Aspen and Krug failed to fully and properly pay Plaintiff's claim for damage to its Properties. The investigation performed by Aspen and Krug and Defendants' wrongful denial of policy benefits has necessitating the filing of this petition.

### VII. PLAINTIFF'S CAUSES OF ACTION AGAINST ASPEN

#### A. Breach of Contract

19.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. All prerequisites to the filing of this suit and recovery of damages have been met by the Plaintiff.

20.     Plaintiff would show that the Policy was in full force and effect upon discovery of the physical loss or damage to its Properties. Among the perils that the Policy insures against is the physical loss or damage resulting from direct physical loss or damage to covered property caused by or resulting from a "Covered Cause of Loss", which includes "Risks of Direct Physical Loss" unless the loss is limited or excluded. The Policy does not limit or exclude the loss or damage caused by the event at issue in the present matter; therefore, the event is a covered cause of loss causing or resulting in direct physical loss or damage to the Property.

21.     Plaintiff timely submitted a claim to Aspen for payment of the claim for damages to its four Properties in accordance with the terms of the Policy. Aspen has refused and failed to pay pursuant to the terms of the Policy, and by failing to do so, has breached the Policy.

#### B. Common Law Causes of Action

22.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. By its acts, omissions, failures and conduct, Aspen breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's claim for damages to its Properties without a reasonable basis and by failing to conduct a reasonable

investigation with respect to the insurance claim. Aspen also breached its duty by unreasonably delaying payment of Plaintiff's claim and failing to settle Plaintiff's entire claim when it knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendant Aspen are a proximate cause of Plaintiff's damages.

## C. Unfair Claims Settlement Practices Act Violations

23.    Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action against Defendant Aspen.

24.    By its acts, omissions, failures and conduct, Aspen has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060 and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition as well as Defendant Aspen's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim and its failure to pay for the proper repair of Plaintiff's Properties after liability had become reasonably clear.

25.    Specifically, Aspen engaged in unfair insurance practices in the following respects:

a.    Aspen engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b.    Aspen engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers liability has become reasonably clear;

c.  Aspen engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (3) of the Texas Insurance Code by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurers denial of a claim or for the offer of a compromise settlement of a claim;

d.  Aspen engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (4) of the Texas Insurance Code by failing within a reasonable time to affirm or deny coverage of a claim to a policyholder; or submit a reservation of rights to a policyholder; and,

e.  Aspen engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

26.  All of the above-described acts, omissions and failures of Defendant Aspen were relied upon by Plaintiff to its detriment and were a producing and proximate cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## D. Deceptive Trade Practices Act Violations

27.  Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Aspen under the provisions of the Deceptive Trade Practices - Consumer Protection Act ("DTPA"). Plaintiff has met all conditions precedent to bringing this cause of action against Aspen.

28.  Plaintiff cooperated with Aspen's investigation of the claim by responding to inquiries and making its four Properties available for inspection by inspectors retained by Defendants. Aspen failed to properly investigate Plaintiff's claim and has refused and failed to pay its claim for physical loss or damage due to a covered cause of loss, despite evidence Plaintiff's claim for damage constituted a covered loss.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 7 OF 14.**

29. By its acts, omissions, failures and conduct that are described in this petition, Aspen violated the DTPA. Specifically, Aspen violated the DTPA in the following respects:

a. Aspen represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

b. Aspen represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c. Aspen represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

d. Aspen represented that it would pay to repair the physical loss or damage caused by a covered cause of loss and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

e. Aspen engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(1) and (3); and

f. Aspen' conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

30. All of the above-described acts, omissions and failures of Defendant Aspen were relied upon by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Plaintiff seeks damages for such conduct as described in this petition. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

### E. Violation of Prompt Payment of Claims Act

31.     Plaintiff would show that Aspen violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiff's claim and by failing to pay Plaintiff's claim. Likewise, Defendant Aspen' failure to pay Plaintiff's claim constitutes an automatic violation of Section 542.058 which provides:

> "*Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.*"

32.     Defendant Aspen' wrongful rejection of the claim necessarily means it failed to pay within 60 days automatically violating Section 542.058. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including attorney's fees.

### VIII. PLAINTIFF'S CAUSES OF ACTIONS AGAINST KRUG

#### A. Unfair Claims Settlement Practices Act Violations

33.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code. Plaintiff has met all conditions precedent to bringing this cause of action against Krug.

34.     By his acts, omissions, failures and conduct, Krug has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060 and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition including, but not limited to Section VII above, the underpayment to Plaintiff for repairs to its four Properties, the unreasonable disregard for the evidence provided by Plaintiff from its public adjuster demonstrating a covered

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 9 OF 14.**

loss and the fact the claim for damages to its Properties had been denied, as well as Krug's unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim for damages to its Properties and his failure to pay for the proper repair of Plaintiff's Properties after liability had become reasonably clear.

      35.    Specifically, Defendant Krug engaged in unfair insurance practices in the following respects:

a.    Krug engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (1) of the Texas Insurance Code by misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b.    Krug engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (2) of the Texas Insurance Code by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurers liability has become reasonably clear;

c.    Krug engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.060 (7) of the Texas Insurance Code, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.    Krug engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.061 (1) of the Texas Insurance Code, by misrepresenting an insurance policy by making an untrue statement of material fact including, but not limited to, mispresenting the repairs requested by Plaintiff were not covered by the Policy, among other misrepresentations;

e.    Krug engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.061 (2) of the Texas Insurance Code, by misrepresenting an insurance policy by failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

f.    Krug engaged in unfair claims settlement practices prohibited by Section 17.50 (a)(4) of the DTPA and Section 541.061 (3) of the Texas Insurance Code, by making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

36.     All of the above-described acts, omissions and failures of Krug were relied upon by Plaintiff to its detriment and were a producing and proximate cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

## B. Deceptive Trade Practices Act Violations

37.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Krug under the provisions of the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Krug.

38.     Plaintiff cooperated with Krug's investigation of the claim by responding to inquiries and making the Property available for inspection by inspectors sent by Krug. Krug failed to properly and reasonably investigate Plaintiff's claim and failed to properly consider evidence from Plaintiff's retained engineer and Plaintiff's public adjuster that the claim was severely underpaid. Further, Krug refused and failed to pay its claim for physical loss or damage due to a covered cause of loss, despite evidence Plaintiff's claim for damage constituted a covered loss.

39.     By his acts, omissions, failures and conduct that are described in this petition, Krug violated the DTPA. Specifically, Krug violated the DTPA in the following respects:

a.      Krug represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

b.      Krug represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

c.      Krug represented to Plaintiff that its insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which give Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

     d.     Krug represented that Aspen would pay to repair the damages caused by a covered cause of loss and then not doing so, violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

     e.     Krug engaged in an unconscionable action in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Krug's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(1) and (3); and

     f.     Krug's conduct, acts, omissions and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

40.    All of the above-described acts, omissions and failures of Krug were relied upon by Plaintiff to its detriment and were a producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

## IX. WAIVER AND ESTOPPEL

41.    Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## X. CONDITIONS PRECEDENT

42.    All conditions precedent necessary to maintain this action have been performed, have occurred, are inapplicable, or could not be timely accomplished prior to filing of suit.

## XI. DAMAGES

43.    The above described acts, omissions, failures and conduct of Defendants caused Plaintiff's damages which include, without limitation, the full cost to replace or repair its damaged Properties.

44.    Plaintiff is also entitled to recover an 18% per annum penalty on that claim as damages under the Prompt Payment of Claims Act.

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - PAGE 12 OF 14.**

## XII. ADDITIONAL DAMAGES

45.     Defendants also "knowingly" and/or "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.

46.     Because of Defendants' knowing and/or intentional misconduct, Plaintiff is entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## XIII. ATTORNEYS' FEES

47.     Plaintiff has been forced to engage the services of the below-signed attorney(s).

48.     Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Sec. 17.50(c) and (d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code and Sec. 38.001 of the Texas Civil Practice & Remedies Code.

## XIV. JURY DEMAND

49.     Pursuant to Texas Rule of Civil Procedure 216, Plaintiff respectfully requests that this case be tried before a jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final jury trial, that Plaintiff be allowed damages which are set forth above and which are in the sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorney's fees for the trial and any subsequent appeal of this case, pre-judgment interest at the highest rate permitted by law, post-judgment interest from the date of judgment until paid at the highest rate permitted by law, those damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
robert@grishamkendall.com
State Bar No. 00792550
William A. Kendall
wk@grishamkendall.com
State Bar No. 24004736

GRISHAM & KENDALL, PLLC
5910 N. Central Expy., Suite 925
Dallas, Texas 75206
Telephone: (214) 308-2027
Facsimile: (214) 987-2036

**ATTORNEYS FOR PLAINTIFF**